An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN LEE ALLEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61563

**FILED**

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant filed his petition on February 16, 2012, more than 11 years after entry of the judgment of conviction on November 8, 1999.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[3] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

[3]*Allen v. State*, Docket No. 40897 (Order of Affirmance, October 7, 2003).

13-17275

To overcome the procedural bars, appellant claimed that *Graham v. Florida*, 560 U.S. ___, 130 S. Ct. 2011 (2010), provided good cause to challenge his sentence. Even assuming *Graham* provided good cause, appellant waited approximately two years from the issuance of that decision and failed to explain the entire delay. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). In addition, appellant cannot demonstrate actual prejudice related to the *Graham* decision. In *Graham*, the Supreme Court determined that the Eighth Amendment barred imposition of sentences of life without the possibility of parole for juvenile offenders who did not commit homicide. 560 U.S. at ___, 130 S. Ct. at 2034. Because appellant was convicted of first-degree murder, the *Graham* decision had no bearing on his sentence. Therefore, the district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Brent T. Adams, District Judge
Brian Lee Allen
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A